IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA V. QUEEN                :
   Plaintiff
                                      :

   v.                                                                Civil Action No. RDB-09-893

                                        :
DR. PAJAMA UDAPI
   Defendant                                    ******

## MEMORANDUM OPINION

Donna V. Queen (Queen), proceeding *pro se*, complains that she receives inadequate medical care at the Clifton T. Perkins Hospital and requests damages. Defendant Pajama Udapi. M.D., through counsel, moves to dismiss the Complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.[1] For reasons that follow, the Motion to Dismiss IS GRANTED.

## BACKGROUND

On August 11, 2008, in the Circuit Court for Baltimore City, Queen was committed to the Department of Health and Mental Hygiene after a Verdict of Not Criminally Responsible. Complaint, Attachment, p. 3. Queen alleges that she is entitled to relief pursuant to the Annotated Code of Maryland Health- General Article Title 7 and Dr. Udapi's treatment constitutes malpractice. Queen alleges that Dr. Udapi failed to treat her leg pain properly and refer her to an orthopedist. Queen acknowledges that Dr. Udapi examined her on several occasions and referred her to a rheumatologist who diagnosed Queen with osteoarthritis. Dr. Udapi disagrees with Plaintiff as to how her leg pain should be treated and refuses to permit Queen to eat her meals in her room, use the elevator to go to the cafeteria, and to have extended

---

[1] Queen did not file a reply although she was provided time to do so. She submitted several letters, but none specifically addressed the Motion to Dismiss. The facts and issues presented in this case are similar to those raised in *Queen v. Patel*, Civil Action No. RDB-09-893 (D. Md).

bed rest.

Queen acknowledges that Dr. Udapi referred her for a mammogram and an appointment with the "women's clinic."  Queen indicates that she refused to consent to the mammogram, attend appointments outside Perkins, or take additional medication to control her blood pressure.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted.  *See* Fed.R.Civ.P. 12(b)(6). A Rule 12(b) (6) motion tests the legal sufficiency of a complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). Therefore, the Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997).  A complaint must meet the "simplified pleading standard" of Rule 8(a)(2), *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

Although Rule 8(a) (2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss.  *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*.  Thus, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

(2009). A well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

## DISCUSSION

I. Jurisdiction

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir.1998). Generally, a case can be filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 (providing there is jurisdiction in civil actions "under the Constitution, law, or treaties of the United States).[2] There is no presumption that the court has jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)).

Queen raises causes of action based solely on Maryland state law. To the extent she might claim these actions constitute civil rights violations through 42 U.S.C. § 1983, she fails to state a claim. A civil rights action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 707, (1999). The civil rights statute 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or laws of the United States was violated, and 2) the alleged

---

[2] Queen does not allege federal jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332.

violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Liability is appropriate under § 1983 only to remedy violation of federally protected rights. *See Baker v. McCollan*, 443 U.S. at 145-46; *Clark v. Link*, 855 F.2d 156, 161, 163 (4th Cir. 1988) (holding that § 1983 claim rests on violation of the Constitution or statutes of the United States, not solely on violation of state statutes or common law torts).

II. Eleventh Amendment

The Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). The protections of the Eleventh Amendment apply to individual "state employees acting in their official capacity." *Harter v. Vernon,* 101 F.3d 334, 337 (4th Cir. 1996). The state has not waived its immunity. Thus, to the extent Dr. Udapi acts within her official capacity as a physician for a state hospital, she is protected by the Eleventh Amendment immunity as an agent of the State of Maryland and cannot be held liable. *See McGrath-Malott v. State of Maryland,* 2007 WL 609909, at *10 (D. Md. 2007).

III. Due Process

Persons involuntarily committed to a psychiatric facility have a constitutional right to medical treatment under the Due Process Clause of the Fourteenth Amendment. *See Patten v. Nicholas*, 274 F.3d 829 (2001). For there to be a violation of constitutional magnitude, the health provider must substantially depart from accepted professional judgment. *See id*. at 841. Mere negligence does not amount to liability under the Due Process Clause. Malpractice does not amount to violation of constitutional proportion. *See id*. Differing expert opinions

concerning proper medical treatment of a patient do not equate to a due process violation. *See Kulak v. City of New York*, 88 F.3d 63, 74 (2d Cir. 1996). Queen does not allege that Dr. Udapi substantially departed from accepted medical judgment. Queen's allegations are insufficient to show a constitutional violation of substantive due process.

## CONCLUSION

For the foregoing reasons, the Court will GRANT Defendant's Motion to Dismiss. An Order consistent with this Memorandum Opinion follows.


<u>November 16, 2000</u>                                   /s/ _____
    Date                                                             RICHARD D. BENNETT
                                                       UNITED STATES DISTRICT JUDGE